bankrupt. Being a creditor, surely he is a "party in interest" as that phrase is used in the act.

Objections made to the report of the referee are sustained, and an order denying the discharge of the bankrupt will be entered.

In re SNOW.

(District Court, D. Massachusetts. April 2, 1915.)

No. 20983.

1. BANKRUPTCY ⬅126—REVIEW OF ELECTION OF TRUSTEE—CONFIRMATION OF FINDINGS OF REFEREE.

On petition to review the election of a trustee in bankruptcy, in the absence of the evidence on which the referee acted in making his decisions as to the rights of certain claims to be voted, the referee's findings of fact as to all the claims must be confirmed.

2. BANKRUPTCY ⬅125—ELECTION OF TRUSTEE—DISCRETION OF REFEREE TO ADJOURN MEETING OF CREDITORS.

The referee in bankruptcy has the discretion to adjourn the first meeting of creditors from time to time, to investigate disputed claims before the voting for trustee is completed.

In Bankruptcy. In the matter of the bankruptcy of William J. Snow. Petition for review of the election of a trustee dismissed, and report of the referee confirmed.

W. Edwin Ulmer, of Boston, Mass., for Gurney Heater Mfg. Co.
Rudolph W. Currier, of Lynn, Mass., in pro. per.

MORTON, District Judge. This is a controversy over the election of a trustee. The errors complained of relate, in substance, to the action of the referee in allowing certain claims to be voted, in disallowing other claims from voting, and in declaring Currier elected trustee.

[1] As to the disputed claims: It appears from the referee's report that material evidence upon which he acted in making his decision concerning the Coburn claim is not before the court. On the other disputed claims, no evidence whatever has been sent up. The referee's findings of fact as to all the claims must be confirmed. His rulings of law upon the Coburn claim were clearly correct. This claim, in addition to those about which no question is now open and which were voted for Currier, was sufficient to elect Currier, even if the Usher and Wright claims had been allowed and had been voted against him. It is therefore not necessary to decide in these proceedings the questions of law concerning those claims.

[2] Upon the facts stated in the report, it does not appear that the referee abused his discretion in the adjournments of the first meeting, which he ordered from time to time for the purpose of investigating disputed claims before the voting for trustee was completed. There is

no evidence before the court on which it can be found that Currier is not a proper person to act as trustee.

The petition for review is dismissed, and the report of the referee is confirmed.

COLUMBUS MERCHANDISE CO. v. KLINE.

(District Court, S. D. Ohio. 1917.)

1. SALES ⟨⟩451—CONDITIONAL SALE CONTRACT—LAW GOVERNING.

   A conditional sale contract for property, which is delivered and to be resold in the same state, is governed by the law of that state.

2. BANKRUPTCY ⟨⟩184(2)—LIENS—CONDITIONAL SALE CONTRACTS—SUFFI-CIENCY OF RECORD—"THEREON."

   Gen. Code Ohio, § 8568, provides that the condition, in conditional sale contracts retaining title in the seller until the property is paid for, shall be void as to subsequent purchasers and mortgagees in good faith and creditors of the purchaser, unless the conditions are evidenced by. writing signed by the purchaser "and also a statement thereon under oath," made by the seller or his agent, of the amount of the claim, and the same, or a copy thereof, be filed with the county recorder of the county where the purchaser resides. The statute contains similar provisions respecting chattel mortgages. Such instruments are not required to be recorded, but merely filed and indexed. At various times during more than two years claimant sold and delivered machinery to bankrupt under separate contracts, taking notes therefor. Such contracts were not filed for record, but a short time before the bankruptcy claimant took seven renewal notes; each being a conditional sale contract and describing the property covered thereby. Its agent made an affidavit on a separate sheet, stating the aggregate amount due on the notes and of the property, as though it was a single transaction. This sheet and the notes were attached together by a brass fastener and filed. Held that, under the rule of the Ohio courts requiring strict compliance with the statute, the affidavit, being readily removable from any one or all of the several contracts and giving an opportunity to substitute others, was not indorsed "thereon," as required by the statute, and was insufficient to sustain the seller's claim of prior right to the property as against general creditors of the bankrupt.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Thereon.]

In Bankruptcy. In the matter of George W. Kline, bankrupt. On review of order of referee denying claim of International Harvester Company of America to certain property. Order confirmed.

Watson, Stouffer, Davis & Gearhart, of Columbus, Ohio, for plaintiff.

O. H. Mosier, of Columbus, Ohio, for International Harvester Co.

SATER, District Judge. The International Harvester Company (hereinafter called the vendor) and the defendant, Kline, as vendee, on October 12, 1912, entered into a contract of conditional sale for certain farming implements which were delivered to the vendee. On October 24, 1913, he gave his note for their price. A series of other like contracts were entered into in the years 1913 and 1914 under each of which like property was delivered to Kline, who was engaged

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes